UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH D. WARD, | No. 2:23-cv-01212 DB P |
| Petitioner, | |
| v. | ORDER |
| UNKNOWN, | |
| Respondent. | |

On June 20, 2023, petitioner, a state prisoner at CSP-Corcoran, filed what appears to be the final pages to a habeas corpus petition on a California state court form. (ECF No. 1.) Petitioner's letter to the Clerk with the document states "I sent a habeas corpus form on 06/13/23" but without "all the documents." (ECF No. 1.) Petitioner states the instant filing is the "rest of the habeas corpus form." (Id.) However, no other filing has been received at this court from petitioner that appears to correspond with this partial petition.[1]

In order to commence an action, petitioner must file a petition for writ of habeas corpus as required by Rule 3 of the Rules Governing Section 2254 cases, and petitioner must either pay the

---

[1] Petitioner already proceeds in this court in a habeas action titled Ward v. Peery, No. 2:21-cv-2220 DAD KJN. The document received and filed in the instant new case does not appear to have been intended for filing in Ward v. Peery, No. 2:21-cv-2220 DAD KJN. Instead, it appears petitioner may have intended to send this partial petition on a California state court form to one of the California state courts.

1

required filing fee or file an application requesting leave to proceed in forma pauperis. See 28 U.S.C. §§ 1914(a), 1915(a). The court will not issue any orders granting or denying relief until an action is properly commenced. Therefore, unless petitioner files a full petition and submits an application requesting leave to proceed in forma pauperis or submits the appropriate filing fee, this action will be dismissed.[2]

In accordance with the above, IT IS HEREBY ORDERED that:

1. To the extent it seeks any relief from this court, petitioner's partial habeas corpus form filed on June 20, 2023, is denied without prejudice.

2. Within thirty days,[3] if petitioner intended to commence a new action in this court, petitioner shall file a petition that complies with the requirements of the Rules Governing Section 2254 Cases, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the petition must bear the docket number assigned this case. Petitioner must file an original and two copies of the petition. Petitioner shall also submit, within thirty days from the date of this order, the application to proceed in forma pauperis on the form provided by the Clerk of Court, or the filing fee in the amount of $5.00. Failure to comply with this order will result in a recommendation that this matter be dismissed.

3. The Clerk of the Court is directed to send petitioner the court's form for filing a petition for writ of habeas corpus, and the application to proceed in forma pauperis by a prisoner.

Dated: June 28, 2023

DLB7
ward1212.nopetition

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

---

[2] If petitioner did not intend to commence this new action in this court and prefers to voluntarily dismiss the action, petitioner may file a notice of voluntary dismissal under Federal Rule of Civil Procedure 41(a)(1)(A), which allows voluntary dismissal of an action without a court order at any time before the opposing party appears in the case.

[3] By setting this due date to file a full petition, the court makes no finding or representation that the petition is not subject to dismissal as untimely. See Sossa v. Diaz, 729 F.3d 1225, 1231-35 (9th Cir. 2015). A one-year statute of limitations is applicable to all claims presented in a federal habeas corpus petition. See 28 U.S.C. § 2244(d)(1); see also Mardesich v. Cate, 668 F.3d 1164 (9th Cir. 2012) (holding that the one-year statute of limitations applied to each claim in a habeas petition on an individual basis).